**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

Tana Franklin,

               Plaintiff,

vs.

General Motors LLC,

               Defendant.

**CASE NO.:** _____

**COMPLAINT**

For this Complaint, the Plaintiff Tana Franklin, by undersigned counsel, states as follows:

**PRELIMINARY STATEMENT**

1.     This is an action by the purchaser of a 2021 Chevrolet Silverado vehicle (hereafter the "subject vehicle") manufactured and sold by the Defendant General Motors LLC. Plaintiff seeks damages related to his vehicle's defective engine and Defendant's failure to honor the terms of its warranty.

2.     The Plaintiff would not have purchased the subject vehicle had she been made aware of the subject vehicle's defects.

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction over this matter pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4.     This Court also has jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that Plaintiff claims more than $50,000.00

in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendant is subject to personal jurisdiction in this District and where Defendant, as principal, directs and controls warranty repairs on covered vehicles through its agents consisting of a dealership network located in this District.

6.      Further, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the Plaintiff's claims occurred within this District.

## PARTIES

7.      Plaintiff Tana Franklin was, at all relevant times, an adult individual who resides in Arcola, Missouri, and who purchased the subject vehicle in Wichita, Kansas, which was manufactured or sold by Defendant. Plaintiff is a citizen of Missouri.

8.      Defendant General Motors LLC ("GM") is organized under the laws of Delaware with its principal place of business located at 1240 Woodward Avenue, Detroit, Michigan 48226.  At all relevant times, GM was engaged in the business of importing, assembling, marketing, distributing, and warranting GM automobiles in the State of Kansas and throughout the United States. Defendant GM LLC is a Delaware limited liability company. Its sole member is General Motors Company, a Delaware corporation with its principal place of business in Michigan. Upon information and belief, complete diversity exists between the parties.

2

**FACTUAL ALLEGATIONS**

9.      On April 27, 2022, Plaintiff purchased a new 2021 Chevrolet Silverado, Vehicle Identification Number 1GCUYGELXMZ268044 (hereafter the "Vehicle") from Don Hattan Chevrolet, an authorized GM dealership in Wichita, Kansas, for personal use.

10.     The purchase price of the Vehicle exceeds $75,000.00, including options, fees, taxes, and finance charges paid to date.

11.     Prior to purchasing the Vehicle, Plaintiff relied upon Defendant's representations regarding Defendant's New Vehicle Limited Warranty that accompanied the sale of the Vehicle, including the representation that Defendant would repair the Vehicle; these representations were material to Plaintiff's decision to purchase the Vehicle.

12.     Specifically, under its New Vehicle Limited Warranty, Defendant promised to repair or replace components found to be defective in material or workmanship during the 3-year / 36,000-mile following such vehicle delivery to consumer.  Additionally, Defendant promised to repair or replace the powertrain components, including the Vehicle's engine, found to be defective in material or workmanship during the 5-year / 60,000-mile following such vehicle delivery to consumer.

13.     On April 27, 2022, and following the execution of the Vehicle purchase documents, Plaintiff took delivery of the Vehicle.

14.     Since the time of Vehicle delivery to the present, the Vehicle has been out of service at least one hundred and thirty-six (136) days because of the catastrophic engine failure.

15.     On or about July 6, 2023, Plaintiff took the Vehicle to Bill Robers Chevrolet, Inc., authorized GM dealership in Bolivar, Missouri (hereinafter "Bill Robers Chevrolet"),

and complained that the Vehicle's engine stalled while driving on the highway and failed to restart.

16. At the time the Vehicle's odometer read 45,355 miles.

17. Bill Robers Chevrolet verified the complaint and attempted a repair by replacing the high-pressure fuel pump.

18. During this visit, the Vehicle was out of service for twenty-two (22) days, and ready for pick up on March July 28, 2023.

19. On or about August 30, 2023, Plaintiff took the Vehicle to Bill Robers Chevrolet and complained that the Vehicle's engine was stalling.

20. At the time the Vehicle's odometer read 45,545 miles.

21. Bill Robers Chevrolet verified the complaint, found the engine to be contaminated with metal shavings, and attempted a repair by replacing the engine, oil cooler lines, radiator, fuse block and positive battery cable.

22. During this visit, the Vehicle was out of service for one hundred and fourteen (114) days and ready for pick up on December 22, 2023.

23. By U.S. First Class Mail sent on July 22, 2025, Plaintiff notified Defendant of the above-mentioned nonconformities with the Vehicle and Defendant's failure to conform the Vehicle to the terms of Defendant's express warranty. Within same letter, Plaintiff revoked his acceptance of her vehicle.

24. The defects experienced by Plaintiff substantially impair the use, value, and safety of the Vehicle.

25. Plaintiff provided the Defendant, or one or more of its authorized or franchised dealers, with reasonable opportunity to repair the defects with the Vehicle.

4

26.     The Defendant has neglected, failed, or otherwise been unable to repair the substantial impairments to the Vehicle within a reasonable amount of time.

**FIRST CAUSE OF ACTION**
**Breach of Warranty Pursuant to the Magnuson-Moss**
**Warranty Act, 15 U.S.C. §2301, *et seq.***

27.     The Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

29.     Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

30.     The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

31.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

32.     15 U.S.C. § 2304(a)(1) requires Defendant, as warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiff.

33.     Defendant has failed to remedy the subject vehicle's engine defect within a reasonable time, thereby breaching the written and implied warranties applicable to the subject vehicle.

34.     As a result of Defendant's breaches of written and implied warranties, and Defendant's failure to remedy the same within a reasonable time, Plaintiff has suffered damages.

## SECOND CAUSE OF ACTION
**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, *et seq.* and K.S.A. § 84-2-314**

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     Defendant is a merchant with respect to motor vehicles.

37.     The Vehicle was subject to implied warranty of merchantability, as defined in K.S.A. § 84-2-314, running from the Defendant to the Plaintiff.

38.     An implied warranty that the subject vehicle was merchantable arose by operation of law as part of the purchase of the subject vehicle.

39.     Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when Plaintiff purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

40.     Plaintiff notified Defendant of the defect in the subject vehicle within a reasonable time after Plaintiff discovered it.

41.     As a result of Defendant's breach of the implied warranty of merchantability, Plaintiff has suffered damages, including but not limited to incidental and consequential damages.

## THIRD CAUSE OF ACTION
**Breach of Express Warranty, K.S.A. § 84-2-313**

42.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.     In connection with the sale of the subject vehicle to the Plaintiff, Defendant provided Plaintiff with a New Vehicle Limited Warranty, under which it agreed to repair

6

original components found to be defective in material or workmanship under normal use and maintenance, including the engine and its components.

44.     Plaintiff relied on Defendant's warranty when she agreed to purchase the subject vehicle and Defendant's warranty was part of the basis of the bargain.

45.     Plaintiff submitted her vehicle for warranty repairs as referenced herein. Defendant failed to comply with the terms of the express written warranty provided to Plaintiff, by failing to repair the dangerous engine defect under the vehicle's warranty as described herein within a reasonable period of time.

46.     Plaintiff has given Defendant reasonable opportunities to cure said defect, but Defendant has been unable and/or has refused to do so within a reasonable time.

47.     As a result of said nonconformities, Plaintiff cannot reasonably rely on the subject vehicle for the ordinary purpose of safe, comfortable, and efficient transportation.

48.     The Plaintiff could not reasonably have discovered said nonconformities with the subject vehicle prior to Plaintiff's acceptance of the subject vehicle.

49.     The Plaintiff would not have purchased the subject vehicle, or would have paid less for the subject vehicle, had she known, prior to the time of purchase, that the subject vehicle contained a defective engine.

50.     As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranty, Plaintiff has suffered actual and consequential damages.  Such damages include, but are not limited to, the loss of the use and enjoyment of her vehicle, and a diminution in the value of the subject vehicle containing the defects identified herein.

## FOURTH CAUSE OF ACTION
**Revocation of Acceptance, K.S.A. § 84-2-608**

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Plaintiff reasonably assumed, and Defendant represented, that all of the aforesaid defects would be cured within a reasonable time.

53. After providing Defendant a reasonable amount of time to cure, it has become apparent that said defects cannot be seasonably cured.

54. The defects substantially impair the value of the Vehicle to the Plaintiff.

55. By a letter dated July 22, 2025, the Plaintiff notified Defendant of said defects and of Plaintiff's intent to revoke acceptance and demand return of the purchase price of said Vehicle.

56. Defendant has nevertheless failed to make a good-faith response to this demand within thirty (30) days of their receipt.

57. As a result of Defendant's conduct the Plaintiff has been damaged.

## FIFTH CAUSE OF ACTION
**Breach of Kansas Consumer Protection Act, K.S.A. § 50-623 *et seq.***

58. The Plaintiff incorporates by reference all allegations contained in this Complaint as though fully stated herein.

59. Plaintiff is a "consumer" within the meaning of the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-624(b), in that Plaintiff purchased the subject vehicle for personal, family, or household use.

60. Defendant is a "supplier" within the meaning of K.S.A. § 50-624(l), in that it is a business entity engaged in the sale, marketing, and distribution of motor vehicles in Kansas and throughout the United States.

61.     At all relevant times, Defendant was engaged in "consumer transactions" within the meaning of K.S.A. § 50-624(c), including advertising, offering for sale, selling, leasing, and distributing vehicles to consumers, including Plaintiff.

62.     The KCPA, K.S.A. § 50-626(a) and § 50-627(a), prohibits suppliers from engaging in deceptive and unconscionable acts or practices in connection with consumer transactions.

63.     Defendant engaged in deceptive acts and practices in violation of K.S.A. § 50-626 by, inter alia, failing to disclose and actively concealing that the subject vehicles, including Plaintiff's vehicle equipped with the 6.2L V8 engine, suffer from a defect.

64.     The defect is material because it manifests in all or substantially all vehicles equipped with the 6.2L V8 engine, poses an unreasonable safety risk, may result in costly repairs, requires burdensome and repeated maintenance, and substantially diminishes the value of the vehicles.

65.     Defendant knew or should have known of the defect but failed to disclose it to consumers prior to sale, while representing that the vehicles were reliable, safe, and of high quality, thereby creating a likelihood of confusion or misunderstanding as to the condition and characteristics of the vehicles.

66.     Defendant's omissions and representations constitute deceptive acts or practices under K.S.A. § 50-626(b), including but not limited to the willful failure to state a material fact and the concealment, suppression, or omission of material facts.

67.     In addition, Defendant's conduct constitutes unconscionable acts or practices in violation of K.S.A. § 50-627, including taking advantage of consumers' inability to

reasonably discover the defect and selling vehicles with a latent defect that substantially impairs their value.

68. Defendant's deceptive and unconscionable conduct occurred in connection with consumer transactions and impacts the consuming public.

69. As a direct and proximate result of Defendant's violations of the KCPA, Plaintiff has suffered an ascertainable loss, including but not limited to diminished value of the subject vehicle, and other economic damages.

70. Plaintiff is a reasonable consumer who did not expect that the subject vehicle would contain the above-described defect and relied on Defendant's representations and omissions in deciding to purchase the vehicle.

71. Pursuant to K.S.A. § 50-634, Plaintiff is entitled to recover actual damages, civil penalties for willful violations, and reasonable attorney's fees and costs.

72. Defendant's conduct was willful and knowing, warranting the imposition of civil penalties and an award of attorney's fees under K.S.A. § 50-634.

## **DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant as follows:

a. An order approving revocation of acceptance of the subject vehicle;

b. Money damages, in the form of a refund of the full contract prices, including, trade-in allowance, taxes, fees, insurance premiums, interest, and costs, and a refund of all payments made by Plaintiff on the subject contract;

c. Incidental and consequential damages;

d. Punitive damages;

e. Reasonable attorney's fees;

f.   Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 24, 2026

Respectfully submitted,

By:   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*

11